UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DUANE MCGRADY,

       Plaintiff,

  v.                                       20-CV-107
                                             ORDER

MONTGOMERY COUNTY, MARYLAND,
et al.,

       Defendants.
_____

The *pro se* plaintiff, Duane McGrady, has filed a complaint asserting claims under 42 U.S.C. § 1983. Docket Item 1. He has paid the $400 in filing fees required to commence a civil action, but he has moved this Court under Rule 4(c)(3) of the Federal Rules of Civil Procedure to order the United States Marshals Service ("Marshals") to effect service on the defendants. Docket Item 2. The Court grants that motion.

McGrady also has asked this Court to order defendants with the requisite knowledge to disclose the identities of three defendants currently identified only by position or title: the "Montgomery County Jail Superintendent," Transporting Officer / John Doe #1, and Transporting Officer / John Doe # 2. *See* Docket Item 3. In light of McGrady's *pro se* status and the fact the identities of the officers who extradited McGrady from Niagara County, New York, to Montgomery County, Maryland, are uniquely in the possession of defendant Montgomery County, the Court grants that motion as well. *See Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam). Montgomery County shall ascertain and provide the full names of "Montgomery County Jail Superintendent" and John Does No. 1 and 2. Montgomery County also shall

provide an address where these defendants may be served. Montgomery County need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which McGrady may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

Montgomery County shall produce the information specified above **within 35 days of the date of this order**. The information shall be forwarded to the Court's *Pro se* Unit, United States District Court, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614. Once this information is provided, McGrady's complaint shall be deemed amended to reflect the names of the defendants in place of "Montgomery County Jail Superintendent" and John Does No. 1 and 2, and the United States Marshals Service shall effect service.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that McGrady's motion for service by the Marshals, Docket Item 2, is granted; and it is further

ORDERED that Montgomery County shall provide the Court with the names and addresses of "Montgomery County Jail Superintendent" and John Does No. 1 and 2—or a statement of written reasons why such identification is improper or impossible—**within 35 days of the date of this order**; and it is further

ORDERED that Montgomery County's failure to comply with this order may result in the Court's imposing sanctions under Rule 37 of the Federal Rules of Civil Procedure; and it is further

ORDERED that the Clerk of Court shall forward a copy of this order and the complaint to the Office of the County Attorney, Montgomery County, Maryland at 101 Monroe Street, Third Floor, Rockville, Maryland 20850; and it is further

ORDERED that after receiving Montgomery County's *Valentin* response, the Clerk of Court shall send to McGrady the *Valentin* response and one Marshals Process Receipt and Return form ("USM-285 form") for each named defendant and shall issue and send to McGrady a summons for each named defendant; and it is further

ORDERED that upon receipt of the USM-285 forms and summonses, McGrady shall (1) pay the service fee of **$8.00 per summons and complaint** to the Marshals by money order or certified check and (2) provide the Marshals with all necessary papers for service, including (i) a copy of this order, (ii) a copy of the complaint, (iii) one completed USM-285 form for each named defendant, and (iv) one summons issued by the Clerk of Court for each named defendant; and it is further

ORDERED that upon receipt of the service fees and papers, the Marshals shall effect service of the summons and complaint upon the named defendants.  **McGrady** is advised that he **must effect service within 90 days of the date the summons is issued**.  It is McGrady's responsibility to inquire of the Marshals at 716-348-5300 as to whether service has been made and, if necessary, to request an extension of time for service.  See *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  If, within 90 days of issuance of the summons, McGrady has not made service or requested an extension of

time in which to do so, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure; [1] and it is further

ORDERED that McGrady shall notify the Court in writing if his address changes. The Court may dismiss the action if McGrady fails to do so.

SO ORDERED.

Dated:   May 5, 2020
         Buffalo, New York

                                        /s/ Hon. Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE

---

[1] McGrady may be eligible for help in effecting service and other matters from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project.  The program operates Wednesdays and Fridays, 11:30 a.m. – 2:00 p.m., at the Robert H. Jackson Federal Courthouse, Two Niagara Square, Room 203, Buffalo, NY, 14202.  Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.