UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DUANE MCGRADY,

        Plaintiff,

   v.                                   20-CV-107
                                            ORDER
MONTGOMERY COUNTY, MARYLAND,
et al.,

        Defendants.
_____

On January 28, 2020, the *pro se* plaintiff, Duane McGrady, filed a complaint

asserting claims under 42 U.S.C. § 1983.  Docket Item 1.  He paid the $400 in filing fees

required to commence a civil action and moved this Court under Rule 4(c)(3) of the

Federal Rules of Civil Procedure to order the United States Marshals Service

("Marshals") to effect service on the defendants.  Docket Item 2.  This Court granted

that motion.  Docket Item 4 at 1.

McGrady also asked this Court to order those defendants with the requisite

knowledge to disclose the identities of three defendants currently identified only by

position or title: the "Montgomery County Jail Superintendent," Transporting Officer /

John Doe #1, and Transporting Officer / John Doe # 2.  *See* Docket Item 3.  This Court

granted that motion as well and ordered Montgomery County ("the County") to

"ascertain and provide the full names of 'Montgomery County Jail Superintendent' and

John Does No. 1 and 2," along with "an address where these defendants may be

served."  Docket Item 4 at 1-2 (citing *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir.

1997) (per curiam)).

The Office of the County Attorney responded in a letter dated July 30, 2020.

Docket Item 6.

## I.    MONTGOMERY COUNTY JAIL SUPERINTENDENT

In its letter, the County Attorney explained:

> There is no title "Montgomery County Jail Superintendent."
> Given that the body of the Complaint is devoid of any
> allegations regarding the "Superintendent," including any
> allegations pertaining to any alleged action or inaction of
> said individual, the County is unable to determine who[m]
> Mr. McGrady intended to name in this lawsuit such that the
> County can supply the requested information.

*Id.* at 2.[1]

Accordingly, McGrady shall **amend his complaint within 30 days from the date of this order** to clarify whom he "intended to name in this lawsuit such that the County can supply the requested information."  *See id.*  McGrady also should specify the "alleged action or inaction" that this individual took or did not take.  *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (explaining that liability under § 1983 may attach only upon a showing that a party was personally involved in causing the claimed injury).  McGrady is advised that an amended complaint is intended to ***completely replace*** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect."  *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each of the defendants so that

---

[1]  The County Attorney also noted that "[d]uring the relevant time frame, Suzy Malagari was the Warden of the Montgomery County Detention Center (MCDC) and the Montgomery County Correctional Facility (MCCF), 22880 Whelan Lane, Boyds, MD 20841."  *Id.*

the amended complaint stands alone as the only complaint that the defendants must answer in this action.

Upon McGrady's filing of an amended complaint, the Clerk of Court shall forward a copy of this order and the amended complaint to the County.  The Clerk of Court shall note on the docket the date of that mailing.

**Within 30 days of receiving the amended complaint,** the County shall provide the full name of any unidentified defendant in the amended complaint who is an employee or agent of the County—or a statement of written reasons why such identification is improper or impossible.  *See Valentin*, 121 F.3d at 75-76.  The County also shall provide an address where any such defendants may be served.  The County need not undertake to defend or indemnify such individuals at this juncture.  This order merely provides a means by which McGrady may name and properly serve any such defendants as instructed by the Second Circuit in *Valentin*.

## II.    JOHN DOES NOS. 1 AND 2 (TRANSPORTING OFFICERS)

With respect to John Does Nos. 1 and 2, the County Attorney stated the following:

> Pursuant to County records, Mr. McGrady was not transported by any County employee from New York to Maryland.  Upon information and belief, he was transported by agent(s) and/or employee(s) of the Montgomery County Sheriff's Office to [the Montgomery County Detention Center], acting as agents and/or employees of the State of Maryland.  As such, Montgomery County has limited information regarding said individual(s) and has no first-hand knowledge regarding the transport.  County records indicate that the "arresting officer" and "officer delivering" was Deputy Sanmi Ibarra (#6279) of the Montgomery County Sheriff's Office.  However, the County cannot confirm whether this individual actually transported Plaintiff from New York to Maryland, given, as explained above, this is not a County

3

> employee and the County did not handle the transport. Undersigned counsel contacted the Attorney General's Office regarding this matter, and, at this time, the State has been unable to confirm the identities of the transporting officer(s). The County respectfully refers the Court to the State of Maryland, Attorney General's Office, for further information regarding its employee(s) and/or agent(s) who may have transported Plaintiff.

Docket Item 6 at 2.

Accordingly, McGrady shall amend him complaint **within 30 days of the date of this order** to include any additional information he has that might assist the State of Maryland ("the State") in identifying the John Doe Officers. For example, McGrady could provide physical descriptions of the officers, details about their uniforms, or any other information that might assist in identifying them. As explained above, an amended complaint is intended to ***completely replace*** any prior complaint and must therefore include all allegations against each of the defendants. *See Int'l Controls Corp.*, 556 F.2d at 668.

Upon McGrady's filing of an amended complaint, the Clerk of Court shall forward a copy of this order and the amended complaint to the State. The Clerk of Court shall note on the docket the date of that mailing.

**Within 30 days of receiving the amended complaint,** the State shall provide the full names of John Does Nos. 1 and 2—or a statement of written reasons why such identification is improper or impossible. *See Valentin*, 121 F.3d at 75-76. The State also shall provide an address where these defendants may be served. The State need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which McGrady may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

**ORDER**

In light of the above, IT IS HEREBY

ORDERED that McGrady shall file an amended complaint **within 30 days of the date of this order** providing further information to assist in the identification of the unknown defendants; and it is further

ORDERED that upon McGrady's filing of an amended complaint, the Clerk of Court shall forward a copy of this order and the amended complaint to (1) the Office of the County Attorney, Montgomery County, Maryland, at 101 Monroe Street, Third Floor, Rockville, Maryland 20850, and (2) the Office of the Maryland Attorney General at 200 St. Paul Place, Baltimore, MD 21202.  The Clerk of Court shall note on the docket the date of those mailings; and it is further

ORDERED that **within 30 days of receiving the amended complaint,** Montgomery County shall provide the full name of any unidentified defendant in the amended complaint who is an employee or agent of the County—or a statement of written reasons why such identification is improper or impossible.  The information shall be forwarded to the Court's Pro se Unit, United States District Court, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614; and it is further

ORDERED that **within 30 days of receiving the amended complaint,** the State of Maryland shall provide the full names of John Does Nos. 1 and 2—or a statement of written reasons why such identification is improper or impossible.  The information shall be forwarded to the Court's Pro se Unit, United States District Court, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614; and it is further

ORDERED that Montgomery County's or the State of Maryland's failure to comply with this order may result in the Court's imposing sanctions under Rule 37 of the Federal Rules of Civil Procedure; and it is further

ORDERED that after receiving Montgomery County's and the State of Maryland's *Valentin* responses, the Clerk of Court shall send to the plaintiff the *Valentin* responses and one Marshals Process Receipt and Return form ("USM-285 form") for each named defendant and shall issue and send to McGrady a summons for each named defendant; and it is further

ORDERED that upon receipt of the USM-285 forms and summonses, McGrady shall (1) pay the service fee of **$8.00 per summons and complaint** to the Marshals by money order or certified check and (2) provide the Marshals with all necessary papers for service, including (i) a copy of this order, (ii) a copy of the amended complaint, (iii) one completed USM-285 form for each named defendant, and (iv) one summons issued by the Clerk of Court for each named defendant; and it is further

ORDERED that upon receipt of the service fees and papers, the Marshals shall effect service of the summons and complaint upon the named defendants.  **McGrady** is advised that he **must effect service within 90 days of the date the summons is issued**.  It is McGrady's responsibility to inquire of the Marshals at 716-348-5300 as to whether service has been made and, if necessary, to request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  If, within 90 days of issuance of the summons, McGrady has not made service or requested an extension of

time in which to do so, the Court may dismiss this action for failure to prosecute under

Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure;[2] and it is further

      ORDERED that McGrady shall notify the Court in writing if his address changes.

The Court may dismiss the action if McGrady fails to do so.


      SO ORDERED.

Dated:      August 21, 2020
              Buffalo, New York


                          */s/ Lawrence J. Vilardo*
                          LAWRENCE J. VILARDO
                          UNITED STATES DISTRICT JUDGE

---

[2] McGrady may be eligible for help in effecting service and other matters from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project.  The program is currently operating remotely due to the COVID-19 pandemic and can be reached by calling 716-847-0662, ext. 340, and leaving a message.  Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.