UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DUANE McGRADY,

        Plaintiff,

    v.                                  20-CV-107-LJV
                                            DECISION & ORDER

MONTGOMERY COUNTY, MARYLAND,
*et al.*,

        Defendants.

---

On January 28, 2020, the *pro se* plaintiff, Duane McGrady, commenced this action asserting various claims arising from his arrest, detention, and extradition to Maryland in February 2017. Docket Item 1 (complaint); Docket Item 8 (amended complaint); Docket Item 44 (second amended complaint). He sues two groups of defendants: Montgomery County, Maryland, and Montgomery County Detention Center Warden Suzy Malagari (the "county defendants"); and former Governor of Maryland Lawrence Hogan, Montgomery County Sheriff Darren Popkin, Sheriff's Deputy Sanmi Ibarra, and Sheriff's Deputy Christopher Moskal (the "state defendants").[1] Docket Item 44.

After the defendants moved to dismiss the amended complaint, Docket Items 14 and 32, this Court dismissed some of McGrady's claims, found that his remaining claims

---

[1] The second amended complaint also names the State of Maryland as a defendant, *see* Docket Item 44, but this Court previously dismissed McGrady's claims against the State of Maryland without leave to amend, Docket Item 40 at 7-8. The Court also dismissed McGrady's official-capacity claims against the individual state defendants without leave to amend. *Id.* Therefore, to the extent McGrady reasserts those claims, *see* Docket Item 44, they again are dismissed.

were subject to dismissal, and gave him leave to file a second amended complaint, *see* Docket Item 40.  McGrady then filed a second amended complaint, Docket Item 44; the defendants again moved to dismiss, Docket Item 47 (state defendants) and Docket Item 49 (county defendants); McGrady responded, Docket Item 56; and the defendants replied, Docket Item 57 (county defendants) and Docket Item 58 (state defendants).

Because McGrady's second amended complaint does not cure the deficiencies previously identified by the Court, *see* Docket Item 44; *see also* Docket Item 47-1 (state defendants' memorandum in support of dismissal); Docket Item 49-3 (county defendants' memorandum in support of dismissal), his claims are dismissed without leave to amend.

## **LEGAL PRINCIPLES**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION[2]

**I.     PERSONAL JURISDICTION**

This Court previously determined that it "does not have personal jurisdiction over [the county defendants] because they do not fall under any of New York's long-arm statute provisions." Docket Item 40 at 5-7. The Court explained that McGrady might cure that deficiency by satisfying the statute in one of two ways. *Id.* First, he might show that the county defendants "commit[ted] a tortious act within" New York State. *Id.* (citing N.Y. C.P.L.R. § 302(a)(2)). Second, he might show that the county defendants "commit[ted] a tortious act" that "injur[ed a] person or property within" New York State and either (1) "engage[d] in [a] . . . persistent course of conduct . . . in the state" or (2)

---

[2] On a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).

Ordinarily, an amended complaint is intended to completely replace the prior complaint and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). But because McGrady's second amended complaint includes few factual allegations, *see* Docket Item 44—and in light of McGrady's *pro se* status and the fact that he intended the second amended complaint to "supplement" his prior pleadings, *see* Docket Item 56 at 5 (capitalization omitted)—the Court liberally construes the second amended complaint as incorporating the allegations in the first amended complaint. The Court therefore accepts the facts in both the first and second amended complaints as true for purposes of this motion. Additionally, the Court takes judicial notice of the state court documents submitted by the state defendants that are related to McGrady's arrest, extradition, and state court criminal charges. *See* Docket Item 40 at 3 n.2 (citing *Durosene v. Bank of Am., N.A.*, 2020 WL 3403083, at *1 (E.D.N.Y. June 19, 2020) (considering facts from complaint "and judicially noticed records of the related state court proceedings" on motion to dismiss)); *see also* Docket Items 47-2, 47-3, 47-4, 47-5, and 47-6.

Because McGrady's second amended complaint includes few new factual allegations, the Court assumes the reader's familiarity with the facts alleged in the first amended complaint, Docket Item 8, and recited in the Court's prior order, Docket Item 40 at 3-4. It refers to the facts only as necessary to explain its decision.

"expect[ed] or should [have] reasonably expect[ed] the act to have consequences in the state and derive[] substantial revenue from interstate . . . commerce." *Id.* (citing N.Y. C.P.L.R. § 302(a)(3)).  The Court gave McGrady leave to amend his complaint to plead facts that would satisfy either of those bases for personal jurisdiction.  *Id.*

But McGrady's second amended complaint does not include facts establishing either basis.  *See* Docket Item 44.  He alleges that "Montgomery County Probation and Parole Officers were directly involved in this matter," *see id.* at 1, but that conclusory allegation does not plausibly suggest that the county defendants harmed McGrady while either they or he were "within" New York State.  Rather, it seems that McGrady interacted with the county defendants only after he arrived in Maryland.  *See id.; see also* Docket Item 8.  And he does not allege anything else—either in the second amended complaint, Docket Item 44, or in his response to the motions to dismiss, Docket Item 56—that even attempts to show that this Court has personal jurisdiction over the county defendants.

Therefore, while this Court may have subject matter jurisdiction over the claims that McGrady raises, it does not have personal jurisdiction over the county defendants.  For that reason and for the reasons stated in this Court's previous order, *see* Docket Item 40 at 5-7, McGrady's claims against the county defendants are dismissed.[3]

---

[3] Although McGrady did not add any defendants to the caption of the second amended complaint, Docket Item 44 at 1, it seems that he intends to sue several other officials of Montgomery County: "Agent Burell; Agent Patrick Palmer; Agent Bobby J. Flockler; Agent Ms. Granzow; Agent M[s]. Hatcher; Supervisor Ms. Weddell[;] and [S]upervisor Mr. Udemba," *id.* at 2.  But like the factual allegations against the other county defendants, McGrady's factual allegations against the newly named defendants are sparse and conclusory and therefore do not provide a basis for personal jurisdiction.  *See, e.g., id.* (alleging that Palmer, Flockler, Granzow, Hatcher, Waddell, and Udema were "involved as a matter of record"); Docket Item 56 at 7-8 (alleging that Waddell and

4

**II.    QUALIFIED IMMUNITY**

This Court previously concluded that the individual-capacity claims against the state defendants appeared to be barred by qualified immunity because "the proceedings against McGrady appear to have been initiated under a facially valid warrant."  Docket Item 40 at 8-11.  More specifically, the Court noted that "an officer who executes an arrest warrant issued in error is immune from suit unless the officer was involved in obtaining the warrant by fraud or the warrant was invalid on its face."  *Id.* (collecting cases) (alterations and internal quotation marks omitted).  The Court determined that the state defendants seem to be entitled to qualified immunity because McGrady "only state[d] in conclusory fashion that the 'defendants knew or should have known' that the warrant [for his arrest] was invalid" and did not "allege[] any facts suggesting that [the state defendants were] involved in obtaining the warrant by fraud or that the warrant was invalid on its face."  *Id.*

McGrady's second amended complaint does not cure that deficiency.  Again, McGrady alleges in conclusory fashion that "the [January 7, 1998] warrant . . . was fra[u]dulently issued without probable cause" and that the state defendants "were aware of the fraud."  Docket Item 44 at 2 (capitalization omitted); *see* Docket Item 56 at 3 (alleging that the defendants "knew" the warrant was invalid).  But he does not provide any facts to support that assertion.  *See* Docket Items 44 and 56.

The Court recognizes that it is rarely appropriate to grant a motion to dismiss based on qualified immunity and that summary judgment is usually the vehicle for such

---

Udema "were the supervisors of the probation department that . . . caused [McGrady's] unlawful imprisonment").  The claims against those defendants therefore are dismissed.

5

a ruling.  *See Barnett v. Mount Vernon Police Dep't*, 523 F. App'x 811, 813 (2d Cir. 2013) (summary order) ("[A] defendant asserting a qualified immunity defense on a motion to dismiss faces a formidable hurdle and is usually not successful." (alteration, citation, and internal quotation marks omitted)).  Here, however, despite having been given the opportunity to plead a claim that survives qualified immunity, McGrady still "has not alleged any reason for the [state defendants] to have doubted the legitimacy of the 1998 [w]arrant."  *See* Docket Item 40 at 10.  For that reason, and based on the facts pleaded in his second and third amended complaints, McGrady's federal and state law claims against the state defendants are barred by qualified immunity and are therefore dismissed.  *See McKenna v. Wright*, 386 F.3d 432, 435-36 (assessing "the availability of the defense of qualified immunity on a Rule 12(b)(6) motion" and concluding that dismissal on qualified immunity grounds may be appropriate "as long as the defense is based on facts appearing on the face of the complaint").

### III.     LEAVE TO AMEND

McGrady argues that he should be allowed "to file another amended complaint."  Docket Item 56 at 4.  But McGrady already has amended his complaint twice—once with the benefit of this Court's analysis—and he provides no reason to think that if given one more chance he will be able to plead additional facts that would cure the deficiencies in his claims.  Leave to amend therefore is denied as futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**CONCLUSION**

The Court sympathizes with McGrady, who says that he was arrested and detained based on a warrant that was "not valid" because it was issued in connection with a matter that "had been resolved long before" his arrest.  *See* Docket Item 1.  But he has sued one set of defendants over whom this Court cannot exercise jurisdiction, and the other defendants are immune from suit.  What is more, he provides no facts suggesting that his arrest and detention were the result of anything other than a mistake.  Therefore, and for the reasons stated above and in this Court's previous order, Docket Item 40, the defendants' motions to dismiss, Docket Items 47 and 49, are GRANTED, and McGrady's second amended complaint, Docket Item 44, is dismissed. The Clerk of the Court shall close the case.


SO ORDERED.

Dated:   April 17, 2024
         Buffalo, New York


                                              /s/ Lawrence J. Vilardo
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE